James M. Andrews, Esq. (5571)
**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Red Bank, N.J. 07701
(732) 741-3900
Attorneys for Defendant, Saker ShopRites, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAKER SHOPRITES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:2013cv7895<br><br><br>**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, DEMAND FOR TRIAL BY JURY, LOCAL CIVIL RULE 11.2 CERTIFICATION** |

Defendant, Saker ShopRites, Inc. ("Saker") hereby answers the complaint of Hawk Technology Systems, LLC ("Hawk") as follows.

### NATURE OF THE ACTION

1.    Saker admits that the complaint purports to assert a cause of action for infringement of United States Patent No. RE43,462, ('462 Patent).  Saker denies the allegation that the '462 Patent is a continuation of United States Patent No. 5,265,410, ('410 Patent), and denies the allegation that the independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

### PARTIES

2.    Saker is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 2 and therefore denies same.

3.      Saker admits the allegations in paragraph 3.

4.      Saker admits the allegations in paragraph 4.

## JURISDICTION AND VENUE

5.      Saker admits the allegations in paragraph 5.

6.      Saker admits that this Court has personal jurisdiction over Saker, but denies subparagraph (b) which alleges that Saker has been committing tortious acts within the State of New Jersey.

7.      Saker admits the allegations in paragraph 7.

## GENERAL ALLEGATIONS

8.      Saker denies the allegations in paragraph 8 in that, upon information and belief Hawk was formed for the sole purpose of filing and prosecuting patent '462 in litigation as opposed to commercialization of the inventions of Mr. Schwab and Mr. Washino.

9.      Saker is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 9, and therefore denies them.

10.     Saker is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 10, and therefore denies them.

11.     Saker is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 11, and therefore denies them.

### Claim 1 of the '462 Patent

12.     Saker admits the allegations of paragraph 12.

### Claim 12 of the '462 Patent

13.     Saker admits the allegations of paragraph 13.

2

## Claim 15 of the '462 Patent

14.    Saker admits the allegations of paragraph 14.

15.    Saker denies the allegations of paragraph 15.

16.    Saker denies the allegations of paragraph 16.

17.    Saker is without sufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore denies them.

18.    Saker denies the allegations of paragraph 18.

## COUNT I: DIRECT INFRINGEMENT OF THE '462 PATENT

19.    Saker repeats its responses to the allegations contained in paragraphs 1 through 18 above, as if fully set forth herein.

20.    Saker denies the allegations in paragraph 20.

21.    Saker denies the allegations in paragraph 21.

## ANSWER TO PRAYER FOR RELIEF

22.    Saker denies that Hawk is entitled to any relief as requested in its Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

23.    Saker has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '462 Patent.

## SECOND AFFIRMATIVE DEFENSE

24.    One or more claims of the '462 Patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

25.     To the extent Hawk may be entitled to damages, any claim for damages for patent infringement by Hawk is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## FOURTH AFFIRMATIVE DEFENSE

26.     Hawk is estopped from construing any otherwise valid claim of the '462 Patent to cover, either literally or by application of the doctrine of equivalents, any product or system used by Saker because of admissions and statements made by Hawk or its predecessors to the United States Patent and Trademark Office during prosecution of the applications leading to the reissuance of the '462 Patent.

## FIFTH AFFIRMATIVE DEFENSE

27.     The time limitations on damages embodied in 35 U.S.C. §286 bars in total or in part enforcement of the '462 Patent against Saker, whether by way of damages, injunctive relief or any other form of relief.

## SIXTH AFFIRMATIVE DEFENSE

28.     As Hawk or its predecessors did not file a disclaimer of the invalid claims of the '462 Patent in the Patent Office before commencing this infringement action, it is therefore not entitled to recover any costs therein, pursuant to 35 U.S.C. §288.

## SEVENTH AFFIRMATIVE DEFENSE

29.     Hawk has failed to provide evidence of ownership of and the right to sue and receive remedies under the '462 Patent.  Upon information and belief therefore, Saker asserts that plaintiff lacks standing to bring suit for the alleged infringement of the '462 Patent.

4

## EIGHTH AFFIRMATIVE DEFENSE

30.     Hawk may be barred from enforcing the claims of the '462 Patent under the doctrine of absolute and/or equitable intervening rights under 35 U.S.C. §252.

## NINTH AFFIRMATIVE DEFENSE

31.     Hawk has failed to plead and prove the components to establish an exceptional case of patent infringement under 35 U.S.C. §285 and is therefore not entitled to reasonable attorneys' fees, costs and expenses incurred by plaintiffs in prosecuting this action.

## TENTH AFFIRMATIVE DEFENSE

32.     Hawk has failed to state a claim upon which relief can be granted against Saker.

## ELEVENTH AFFIRMATIVE DEFENSE

33.     Hawk is barred from asserting its claims against Saker by the doctrines of laches, acquiescence, estoppel and/or waiver.

## TWELFTH AFFIRMATIVE DEFENSE

34.     Should Saker be found to infringe the '462 patent, such infringement is not willful under 35 U.S.C. §284.

## PRAYER FOR RELIEF

**WHEREFORE,** defendant Saker prays for the following relief:

1.     For dismissal, with prejudice, of Hawk's claims against Saker;

2.     for Saker's awardable costs, expenses and attorneys' fees incurred; and

3.     for such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM

Saker, for its counterclaim against Hawk, asserts the following:

## PARTIES

1.      Saker is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 922 Highway 33, Building 6, Suite 1, Freehold, New Jersey 07728.

2.      Hawk, on information and belief, is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 2 South Biscayne Boulevard, Suite 3800, Miami, Florida 33131.

## JURISDICTION AND VENUE

3.      This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§1, et seq. Jurisdiction is proper under 28 U.S.C. §§1331 and 1338(a). This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§2201, et seq. Venue is proper in this Court under 28 U.S.C. §1391.

## COUNT ONE
### (Non Infringement of the '462 Patent)

4.      Hawk claims that the '462 Patent was reissued on June 12, 2012 by the United States Patent and Trademark Office. Hawk claims to be the assignee and owner of all rights, title and interest in the '462 Patent.

5.      Hawk has alleged that Saker has infringed and continues to infringe the '462 Patent. Saker denies that the products and systems that it utilizes infringe any claims of the patent-in-suit, either literally or by application of the doctrine of equivalents. Therefore, an actual controversy exists between Hawk and Saker over the alleged infringement of the '462 Patent.

## COUNT TWO
### (Invalidity of the '462 Patent)

6.    Hawk has alleged that the '462 Patent is valid and enforceable as against Saker. Saker denies that the '462 Patent is valid and enforceable.  Therefore, an actual controversy exists between Hawk and Saker over the alleged invalidity of the '462 Patent.  Saker contends that the '462 Patent is partially or wholly invalid under 35 U.S.C. §§1 et seq., including, but not limited to, 35 U.S.C. §§101, 102, 103 and 112.

## COUNT THREE
### (Exceptional Case)

7.    This case is exceptional and provides a basis for awarding attorneys' fees and costs to Saker pursuant to 35 U.S.C. §285.

WHEREFORE, Saker prays for:

A.    A Declaration and Judgment that none of the claims of the patent-in-suit are infringed by the use of products and/or systems by Saker;

B.    A Declaration and Judgment that all or some of the claims of the patent-in-suit are invalid and/or unenforceable;

C.    Judgment for reasonable attorneys' fees and costs of suit;

D.    Judgment for pre and post judgment interest;

E.    Judgment that plaintiff take nothing by way of its complaint and that the complaint be dismissed with prejudice;

F.    Judgment for such other and further relief as the Court deems just and proper.

GIORDANO, HALLERAN & CIESLA, P.C.
125 Half Mile Road, Suite 300
Red Bank, NJ  07701

DATED:  February 26, 2014        s/James M. Andrews, Esq.
                                 JAMES M. ANDREWS, ESQ. (5571)

## DEMAND FOR TRIAL BY JURY

Defendant Saker hereby demands a trial by jury on all issues so triable.

**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank, NJ  07701

s/James M. Andrews, Esq.
JAMES M. ANDREWS, ESQ. (5571)

DATED:  February 26, 2014

8

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that to the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding, except to the extent that other parties have sued Hawk for a declaratory judgment with regard to the validity of the '410 and '462 Patents and other parties who have been sued by Hawk have in their answer sought a declaratory judgment or a finding by way of defense to the action brought by Hawk that the '410 and '462 Patents are invalid. A list of those related lawsuits are annexed hereto as **Exhibit A**.

**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank, NJ 07701

s/James M. Andrews, Esq.
JAMES M. ANDREWS, ESQ. (5571)

DATED: February 26, 2014

Docs #1535797-v1

Docs #1537563-v1

## Exhibit A

| Case Name | Docket | Court |
|---|---|---|
| Genetec Inc. v. Hawk Technology Systems, LLC | 1:13cv24235 PAS | SDFL |
| Avigilon Corp. v. Hawk Technology Systems, LLC | 1:12cv23009 DMM | SDFL |
| Hawk Technology Systems, LLC v. Eldorado Shreveport #1 LLC, Eldorado Shreveport #2, LLC | 2:13cv00580 JRG | EDTX |
| Hawk Technology Systems, LLC v. The Container Store, Inc. | 2:13cv00576 JRG | EDTX |
| Hawk Technology Systems, LLC v. Dillard's, Inc. | 2:13cv00786 JRG | EDTX |
| Hawk Technology Systems, LLC v. Brickell Financial Centre, LLC | 1:13cv240005 PAS | SDFL |
| Hawk Technology Systems, LLC v. University of Miami | 1:13cv24004 KMM | SDFL |
| Hawk Technology Systems, LLC v. Fanuc Robotics Corporation | 2:13cv15234 BAF | EDMI |
| Hawk Technology Systems, LLC v. Hollywood Beach Resort Rental Program, LLC | 0:13cv62819 KMM | SDFL |
| Hawk Technology Systems, LLC v. Costco Wholesale Corporation | 0:14cv60164-WJZ | SDFL |
| Hawk Technology Systems, LLC v. Universal City Development Partners, LTR dba Universal Studios Orlando | 6:14cv00137 RBD | MDFL |
| Hawk Technology Systems, LLC v. Ritz Carlton Hotel Company, L.L.C. | 1:14cv00299 RM | CO |
| Hawk Technology Systems, LLC v. Pacific Langham Chicago Corporation, dba The Langham Chicago | 1:14cv00662 | NDIL |
| Hawk Technology Systems, LLC v. Old CF, Incorporated | 2:14cv10860 GCS | EDMI |

| | | |
|---|---|---|
| Hawk Technology Systems, LLC v. NCL Corporation Ltd. | 1:14cv20430 KMM | SDFL |
| Hawk Technology Systems, LLC v. Macerich Management Company | 2:14cv01181 ODW | CDCA |
| Hawk Technology Systems, LLC v. Loyola University of Chicago | 1:14cv00976 | NDIL |
| Hawk Technology Systems, LLC v. Woodman's Food Market, Inc. | 3:14cv00084 SLC | WDWI |
| Hawk Technology Systems, LLC v. Detroit Entertainment, LLC dba Motor City Casino | 2:14cv10782 PDB | EDMI |

M:\Documents\1537488